# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:18-cr-00252 JLT SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| ERICK LIZARRAGA, | (Doc. 322) |
| Defendant. | |

Erick Lizarraga is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 322.) The Government opposes the motion, contending that Defendant is ineligible for a reduction because he received an upward adjustment for his aggravating role in the offense. (Doc. 325.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On December 9, 2019, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Docs. 95, 106.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 158.) The PSR assigned a total offense level of 39, which included a four-level aggravating role adjustment pursuant to U.S.S.G. § 3B1.1(a) for Defendant's leadership role in the offense. (PSR ¶¶ 31, 37.) Because Defendant had no prior criminal record, he was assigned 0 criminal history points, which

1

placed him in criminal history category I. (*See id*. ¶¶ 43-45.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range was 262 to 327 months of imprisonment. (*Id.* ¶ 70.)

At the sentencing hearing, the Court adopted the findings in the PSR without change. (*See* Statement of Reasons (SOR) at 1.) It applied a downward variance to avoid sentencing disparities and based on the sentencing factors set forth at 18 U.S.C. § 3553(a), which included consideration of Defendant's age, lack of youthful guidance, remorse, and avoiding a sentencing disparity. (*See* SOR at 2-3.) The Court sentenced Defendant to 188 months in custody followed by 60 months of supervised release. (Doc. 214 at 2-3.) He is currently incarcerated at Federal Correctional Institution, Lompoc II, with a projected release date of April 5, 2031. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 14, 2025).

Defendant now asks the Court to reduce his sentence under Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or

2

Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. *the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]*

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant seeks a two-offense-level reduction on the basis that he meets the criteria under § 4C1.1(a). (Doc. 322 at 2.) He does not. According to the PSR, "[w]hile in the United States illegally, [Defendant] was the leader of a drug trafficking organization and found in possession of a large amount of methamphetamine (actual) [26.824 kilograms] intended for distribution." (PSR at 20; *see also id.* ¶¶ 18, 31.) For this reason, a four-level adjustment under § 3B1.1(a) was added. (PSR ¶ 31.)[1] The PSR findings were adopted in full at sentencing, including the aggravating role adjustment. (*See* SOR at 1.)

In any event, the sentencing judge varied downward in imposing Defendant's sentence to comply with the parties' plea agreement and to reflect that a codefendant, who had been the "main source" of the narcotics, had received a lesser sentence. (*See* SOR at 3.) Additionally, as noted in the PSR, if the Court had found that an aggravating role adjustment was *not* warranted, Defendant's offense level would have been 35, which would have resulted in an advisory guideline range of 168 to 210 months. (PSR ¶ 84.) Therefore, even if the role adjustment had not been added, Defendant's 188-month sentence would have fallen in the middle of the lower guideline range.

///
///
///
///
///
///
///

---

[1] In the plea agreement, the parties agreed that a § 3B1.1(a) role enhancement would not be sought by the Government because Defendant stipulated that he was ineligible for safety valve or First Step Act relief. Notwithstanding, the probation officer believed that an aggravating role adjustment was warranted (*See* PSR ¶¶ 82-84; Doc. 158-2 at 1-2 [Response to Defendant's Informal Objections to PSR]), and the Court agreed.

    In sum, Defendant does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(10) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010). Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 322), is **DENIED**.

IT IS SO ORDERED.

    Dated:  **July 14, 2025**             *[signature]*
                                                             UNITED STATES DISTRICT JUDGE